# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| LAUREN KADISH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:18-CV-371-PPS-JEM |
| | ) |
| JP MORGAN CHASE BANK, N.A. and | ) |
| J.P. MORGAN SECURITIES, LLC, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Defendants JP Morgan Chase Bank, N.A. and JP Morgan Securities, LLC ("JP Morgan"), filed a motion to dismiss, or in the alternative to stay, and to compel arbitration in this case. Pursuant to N.D. Local Rule 7-1(d)(2)(A), Plaintiff's response was due by December 12, 2018. Kadish failed to timely file a response, and then filed a motion for extension of time on December 28, 2018, conceding that counsel had been inattentive to the case. [DE 16.] Kadish then filed a response to JP Morgan's motion to dismiss on January 3, 2019. [DE 18.]

A few days later, on January 8, 2019, Magistrate Judge John E. Martin entered an order noting Kadish's history of unresponsiveness in this case, denying Kadish's motion for extension of time to respond, and striking the late response to the motion to dismiss "with leave to re-file a properly supported motion demonstrating that Plaintiff's failure to respond to the motion to dismiss, and to Defendants' related inquiries, was due to excusable neglect in good faith." [DE 19 at 3.]

On February 25, 2019, JP Morgan filed a notice that their motion to dismiss, or in the alternative to stay, and to compel arbitration, remains unopposed. [DE 20.] This case was reassigned to me on April 25, 2019. To date, Kadish still has not filed a motion in accordance with Judge Martin's instructions to extend the time to respond to the motion to dismiss. Therefore, the motion to dismiss, or in the alternative to stay, and to compel arbitration, is unopposed.

JP Morgan sets out in their original motion that Kadish alleges the following claims under Title VII of the Civil Rights Act of 1964 that arise from her employment: (1) discrimination based on sex; (2) sexual harassment; and (3) retaliation. [DE 2.] As a condition of her employment, Kadish agreed to the Binding Arbitration Agreement in her offer letter which provides as follows:

> I understand my employment is subject to my and JP Morgan Chase's agreement to submit employment-related disputes that cannot be resolved internally to binding arbitration, as set forth in the Binding Arbitration Agreement detailed below. By signing below I acknowledge and agree that I have read and understand the Binding Arbitration Agreement, have accepted its terms and understand that it is a condition of my employment with JP Morgan Chase.

[DE 11-1 at 7.] Kadish then electronically signed her offer letter. [*Id.*]

The Binding Arbitration Agreement that Plaintiff received and electronically signed states:

> JP Morgan Chase believes that if a dispute related to an employee's or former employee's employment arises, it is in the best interest of both the individual and JP Morgan Chase to resolve the dispute without litigation. Most such disputes are resolved internally through the Firm's Open Communication Policy. When such

2

> disputes are not resolved internally, JP Morgan Chase provides for their resolution by binding arbitration as described in this Binding Arbitration Agreement ("Agreement"). "JP Morgan Chase" and the "Firm" as used in this agreement mean J.P. Morgan Chase & Co. and all of its direct and indirect subsidiaries.

[DE 11-1 at 9.] Additionally, the arbitration agreement provides that "covered claims" under the agreement include all legally protected employment-related claims, including claims of employment discrimination or harassment and those under Title VII. *Id.*

Moreover, the arbitration agreement specifies that the Federal Arbitration Act ("FAA") is the governing law. *Id.* If there is a dispute regarding the applicability of the arbitration agreement, that also is supposed to be resolved in arbitration. *Id.* at 11.

The Supreme Court has held that the FAA applies to employment agreements. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001). The plain language of the FAA regards arbitration agreements as "valid, irrevocable, and enforceable," and the Supreme Court requires that courts "rigorously enforce agreements to arbitrate." 9 U.S.C. § 2; *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). "[T]he FAA 'is a congressional declaration of a liberal policy favoring arbitration agreements' and 'that question of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration.'" *Continental Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 730-31 (7th Cir. 2005) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). "[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25.

"[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000). Courts must order arbitration of claims "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986). "In the absence of any express provision excluding a particular grievance from arbitration . . . only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *Id.* (quotation omitted). In this case, because Kadish does not even have a valid response that is properly filed, she has not come close to satisfying this heavy burden.

Moreover, the U.S. Supreme Court has upheld the validity of delegation clauses such as the one contained in this arbitration agreement, meaning that any controversy between the parties as to the application and interpretation of the arbitration is itself a covered dispute that is within the exclusive authority of the arbitrator to decide. *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010).

To compel arbitration under the FAA, "a party need only show: (1) an agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal by the opposing party to proceed to arbitration." *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006). All three elements are met in this case. Kadish entered into a valid agreement when she electronically executed the arbitration agreement, Kadish's claims of discrimination, harassment and retaliation are covered

4

by the agreement, and despite Kadish being provided the agreement, she has not withdrawn or dismissed her complaint. [DE 11-3.]

The only last thing for me to decide is the proper remedy in this case. The Northern District of Indiana has held in cases "where all the issues raised in the district court must be submitted to arbitration, the clear weight of authority supports dismissal of the case." *DeGroff v. MascoTech Forming Tech. – Fort Wayne, Inc.*, 179 F. Supp. 2d 896, 913 n.20 (N.D. Ind. 2001) (dismissing action and compelling arbitration); *Versmesse v. AT&T Mobility LLC*, No. 3:13-cv-171, 2014 WL 856447, at *6-7 (N.D. Ind. Mar. 4, 2014) (dismissing case where all claims are subject to arbitration).

For the foregoing reasons, Defendants' Motion to Dismiss, or in the Alternative, to Stay, and to Compel Arbitration [DE 11] is GRANTED. This action is DISMISSED WITHOUT PREJUDICE and the parties are ordered to proceed to arbitration pursuant to JP Morgan Chase's Binding Arbitration Agreement.

SO ORDERED.

ENTERED: May 22, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT